IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **NATHAN CANE WAITES,** | ) |
| | ) |
| **Movant/Defendant,** | ) |
| | ) |
| v. | ) 1:08-cv-08002-VEH-JEO |
| | ) 1:06-cr-00431-VEH-JEO |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Respondent.** | ) |

## MEMORANDUM OPINION

Nathan Cane Waites initiated the present action by filing a motion pursuant to 28 U.S.C. § 2255 to vacate his conviction and sentence. (08-08002 at Doc. 1).[1] Upon consideration of the defendant's arguments, the Court finds that the motion is due to be denied and dismissed with prejudice.

## BACKGROUND

The defendant was charged on February 28, 2007, in a multi-count, two-defendant superseding indictment. (06-0431 at Doc. 17). He was charged in Counts One, Three, Four, and Five with conspiring to distribute 5 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846; distributing

---

[1] References to "Doc. ___" are to the documents as numbered by the Clerk of the Court in the Court's record in this case. The pleadings from the original criminal case are designated as "06-0431" and the pleadings on the motion to vacate are designated as "08-08002".

over 50 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); distributing 5 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); and criminal forfeiture. The defendant was arraigned on the superseding indictment by United States Magistrate Judge John E. Ott, on March 22, 2007.

The defendant entered into a plea agreement that same day. *Id*. at Doc. 24. In exchange for his plea of guilty, the United States agreed to recommend that the defendant receive a three-level reduction under the Sentencing Guidelines for acceptance of responsibility. *Id*. As a part of the plea agreement, the defendant relinquished his right to appeal his conviction and to file a motion pursuant to 28 U.S.C. § 2255 except that he reserved his right to appeal any sentence in excess of the statutory maximum and any upward departure imposed at sentencing. He also reserved the right to seek relief for any future retroactive sentencing guideline amendment. *Id*. at p. 16.

The defendant and his counsel executed a "Guilty Plea Advice of Rights Certification," which detailed the rights he would be waiving by pleading guilty. *Id*. at Doc. 25. The defendant was sentenced on July 25, 2007. He was sentenced to a custodial sentence of 120 months to be followed by five years supervised release. *Id*.

2

at Doc. 39.

The defendant did not appeal his conviction or sentence. The defendant filed the present motion to vacate his conviction and sentence on January 25, 2008. (08-08002 at Doc. 1). In support of his claim for relief, the defendant asserts that he received two criminal history points for a prior sentence that should have only accounted for one criminal history point. *Id*. at Doc. 2 at p. 2. The magistrate judge assigned this matter required the United States to file a response to show cause why the requested relief should not be granted. *Id*. at Doc. 3. The United States responded that the motion was due to be denied because the defendant knowingly, intelligently, and voluntarily waived his right to file a motion pursuant to § 2255 and is otherwise without merit. *Id*. at Doc. 6. The defendant filed a "Reply" asserting he is "actually innocent" of the sentence imposed because Amendment 709 to the United States Sentencing Guidelines requires a sentencing court to consider two prior convictions as related offenses and scored as one offense. *Id*. at Doc. 8 at p. 2.

## DISCUSSION

The defendant agreed to waive his right to seek relief pursuant to 28 U.S.C. § 2255 when he entered his guilty plea in this case. That waiver is evidenced by the plea agreement. (06-0431 at Doc. 24 at p. 16). Additionally, he acknowledged that waiver during his guilty plea hearing. Specifically, the record is as follows:

3

>THE COURT: Mr. Waites, the plea agreement that you have entered contains language waiving some or all of your rights to appeal the sentence to be imposed. Under certain conditions, a person may waive his or her rights to appeal the sentence, and that type of waiver may be enforceable. However, if you believe that such a waiver is not enforceable, you can appeal your sentence and present that theory to the appellate court.
>
>When you signed the plea agreement, did you understand that you were giving up some of your rights to appeal?
>
>THE DEFENDANT: Yes, Your Honor.

*Id*. at Doc. 46 at p. 8. The defendant, who was under oath, indicated that he understood the plea agreement and the waiver provisions. *Id*. at pp. 12-13.

At sentencing, the Court again discussed with the defendant his right to appeal. The Court also informed him that if he believed that the waiver provision of the agreement was unenforceable, he could challenge that on appeal as well. *Id*. at Doc. 47 at p. 11.

The Eleventh Circuit Court of Appeals has held that an appeal waiver provision in a plea agreement is enforceable if the waiver is made knowingly and voluntarily. *See United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001), *cert. denied*, 536 U.S. 961, 122 S. Ct. 2666, 153 L. Ed. 2d 840 (2002); *United States v. Pease*, 240 F.3d 938, 942 (11th Cir.), *cert. denied*, 534 U.S. 967, 122 S. Ct. 381, 151 L. Ed. 2d 290 (2001). *See also Williams v. United States*, 396 F.3d 1340 (11th Cir. 2005) (a valid

sentence-appeal waiver entered into voluntarily and knowingly pursuant to a plea agreement, precluded the defendant from attempting to attack his sentence in a collateral proceeding through a claim of ineffective assistance of counsel during sentencing). Similarly, a waiver of collateral review has also been approved by the Eleventh Circuit so long as the United States demonstrates that the waiver was made knowingly, intelligently, and voluntarily. *Allen v. Thomas*, 161 F.3d 667 (11th Cir. 1998); *United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). The Eleventh Circuit views a waiver as a contract between the Government and a criminal defendant. It has stated:

> [A]mong the considerations that a defendant may offer as part of such a contract is waiver of his right to appeal, provided that the waiver is made knowingly and voluntarily. *See United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). In this case, [the appellant's] waiver was clearly knowing and voluntary – he was specifically questioned by the district court regarding the waiver of his right to appeal. *See United States v. Buchanan*, 131 F.3d 1005, 1008 (11th Cir. 1997). The plea agreement is therefore enforceable and would appear to bar this appeal.

*United States v. Howle*, 166 F.3d 1166, 1168 (11th Cir. 1999).

The present record demonstrates that the defendant's assent to the terms of his plea agreement, including his waiver of the right to seek relief in a § 2255 motion, was knowingly, intelligently, and voluntarily made. The Court specifically informed the defendant that the waiver in his agreement was enforceable, and that the Eleventh

5

Circuit was the appropriate forum for any challenge to the enforceability of the waiver. Additionally, the record demonstrates that the defendant had the ability to understand his decision to waive these rights. Accordingly, the defendant's motion is barred from further review by this Court.[2]

## CONCLUSION

Premised on the foregoing, the defendant's motion to vacate is due to be denied and dismissed with prejudice. An appropriate order denying this motion will be entered contemporaneously herewith.

**DONE** this the 10th day of September, 2008.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[2] The Court also notes that the defendant's assertion that he should have been given one criminal history point rather than two is simply wrong. Waites was arrested on January 14, 2001, charged with public intoxication and disorderly conduct in case numbers DC-01-82 and DC-01-83, and was sentenced on those two cases on March 1, 2001. Additionally, Waites was arrested on March 31, 2001, charged with second degree criminal mischief and third degree assault in case numbers CC-01-114 and CC-01-115, and was sentenced on those two charges on September 26, 2001. (06-0431 at Doc. 37 at ¶¶ 35-36). Thus, as evidenced by the presentence report, the cases involved two distinct incidents, arrest dates, and sentencing dates. The applicable version of the Sentencing Guidelines provides:

> 4A1.2(a)(2)   Prior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence for purposes of § 4A1.1(a),(b), and (c). Use the longest sentence of imprisonment if concurrent sentences were imposed and the aggregate sentence of imprisonment imposed in the case of consecutive sentences.

The defendant asserts that all four charges arose from a single incident and maintains that he was sentenced on all four convictions on the same day. (08-08002 at Doc. 2 at p. 1; Doc. 8 at p. 2). However, the presentence report reflects otherwise. The defendant was sentenced on two separate occasions as set out herein. Therefore, Waites was properly assessed two criminal history points and his arguments regarding the application of the guidelines is simply misplaced.